Obie CRAIN, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13834.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1966.

James M. Robertson, Tulsa, for plaintiff in error.

Charles R. Nesbitt, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Obie Crain, Jr. was charged in the District Court of Tulsa County with the crime of Sodomy. Thereafter, on the 7th day of May, 1965, the defendant appearing in person and by counsel, waived his right to a jury trial, withdrew his plea of not guilty and entered a plea of guilty. Crain acknowledged that he had been adequately represented throughout the proceedings by counsel. Judgment and sentence was deferred until the 19th day of May, 1965, at which time the court sentenced the defendant to serve a term of 18 months in the State Penitentiary at McAlester, Oklahoma. Thereafter, and on the 21st day of October, 1965, defendant perfected an appeal in this Court by filing a Petition in Error with transcript attached. On appeal the defendant urges two assignments of error:

"1. Error of the Court in rendering a sentence in excess to that which is just and reasonable in view of the crime charged and all evidence thereto.

2. Lack of jurisdiction over the defendant and the charge offense."

In considering the first assignment of error, we observe that in an appeal by transcript, the Court of Criminal Appeals may not modify sentence imposed within the statutory provisions for the crime charged, there being no record before the Court by which such modification could be justified.

In the instant case, the appeal being by transcript, this Court has only to consider whether the punishment imposed was within the statutory provisions for the crime charged. Title 21, O.S.A. § 886 provides:

"Every person who is guilty of the detestable and abominable crime against nature, committed with mankind or with a beast, is punishable by imprisonment in the penitentiary not exceeding ten years."

Under this statute the sentence of 18 months was eight and one-half years less than the maximum punishment which could have been imposed by the court and well within the statutory provisions for the crime charged. We are of the opinion that the defendant's first assignment of error is without merit.

This leads us to a consideration of the defendant's second assignment of error which is that the trial court lacked jurisdiction over the defendant and the charged offense. In this connection the Information charged the defendant with violation of Title 21, O.S.A. § 886, supra, in clear and concise language and with such particularity as to enable a person of common understanding to know what was intended. The allegations of the Information state that the offense was committed within Tulsa County, Oklahoma, which was within the jurisdiction of the court. It appearing to the Court that the trial court had jurisdiction over the person, the subject matter and authority under the law to pronounce the judgment and sentence imposed, we are of the opinion that the defendant's second assignment of error is wholly without merit and the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT and NIX, JJ., concur.